IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

     v.                                                            Case No. 23-cr-0033-JDP

RICHARD CHAPMAN,

                Defendant.

---

GOVERNMENT'S SENTENCING MEMORANDUM

---

The United States of America, by Timothy M. O'Shea, United States Attorney for the Western District of Wisconsin, by Corey C. Stephan, Assistant United States Attorney for that district, hereby submits this sentencing memorandum.

**1. Nature and Circumstances of the Offense**

On February 3, 2023, the defendant robbed a downtown Madison bank. (Dkt. "PSR," ¶ 8-9). He was dressed in black, wearing sunglasses and a surgical mask, and carrying a plastic Culver's bag. He handed the teller a note that read: "I have a gun. I am a robber. Give me one hundreds." The defendant kept his right hand in the Culver's bag implying (and making the teller believe) that he had a gun. He told the teller that he wanted hundreds and said "hurry, hurry" and "more, more." The defendant then said "that's fine" while grabbing the bag and leaving.

Madison Police detectives were able to follow the defendant's movements using city cameras as he left the bank, leading them to clothing that he discarded and a receipt

from a local grocery store. (PSR, ¶ 10). They were then able to locate the person that had been with him at the store, who said that after the robbery the defendant gave him a bag of cash to hold onto. The defendant also told this person that he had robbed a bank and had served 19 years for another bank robbery.

On February 4, 2023, Madison police officers saw the defendant at a local homeless shelter. (PSR, ¶ 12). When asked the defendant lied about his name and then tried to escape. After he was arrested, he said "you got me." Police searched his duffle bag and found a plastic Culver's bag, clothing and a mask consistent with the robbery suspect, a robbery note, and practice robbery notes.

2. **The History and Characteristics of the Defendant**

The defendant is 66 years old. (PSR, p. 2). He has a lengthy criminal history including two prior convictions for bank robbery. The current offense is his fifth bank robbery.

In 1975, when he was 18 years old, the defendant was convicted of burglary and sentenced to two years in prison. (PSR, ¶ 34). He violated the terms of his parole by committing a forgery for which he was also convicted in 1977 and sentenced to five years in prison. (PSR, ¶ 36).

In the 1980's the defendant was convicted of several misdemeanor offenses. (PSR, ¶¶ 37-40). In 1989 he was convicted of another forgery and a federal charge of distributing LSD; he was given a 96 month federal sentence. (PSR, ¶¶ 41-42).

The defendant was convicted of his first bank robbery in 1996 and was sentenced to 70 months in prison. (PSR, ¶ 44). There he gave a bank teller a note and was caught

2

by a citizen who held him until the police got there. During supervised release, the defendant absconded from a halfway house in 2001 and, two days later, committed his second federal bank robbery. The 2001 bank robbery was a string of three robberies over the course of two months, for which the defendant was sentenced to 188 months in prison. (PSR, ¶ 45).

During the federal sentences the defendant received mental health treatment, but declined residential drug abuse treatment (RDAP) in 1995 and 2000. He entered RDAP in 2001 but failed to complete it. Between 1995 and 2008 the defendant had over 20 disciplinary sanctions hearings for incidents including assault and threatening staff, refusing to obey orders or to work, possessing alcohol, possession of a dangerous weapon, fighting, refusing an alcohol test, and lying or falsifying a statement.

After his release from prison, the defendant continued to have problems with supervision in the community including absconding in 2018 which resulted in a warrant for his arrest. When he was arrested, his conditions were modified to a residential placement. However, his substance abuse continued.

In 2018 the defendant was convicted of recklessly causing harm to a child. (PSR, ¶ 46). He was placed on probation. In that case the defendant was inappropriately touching a minor female and told her "If you tell anyone, I'll keep doing it." While the defendant disagrees with those facts, they appear to be the basis for the felony child abuse conviction. The defendant's period of state community supervision from 2021 through 2022 demonstrates a failure to comply with conditions, tampering with monitoring equipment, and substance abuse. He served a 28-day sanction for theft and

drug use from November through December of 2022. Only a little more than a month later he committed the current federal bank robbery.

   3.  **The Need for the Sentence Imposed**

The defendant is 66 years old and should have aged out of criminal conduct 30 years ago. He has proven, over the course of almost 50 years, that he is going to continue to commit crime when released into the community. As a result, the main goal at sentencing is to incarcerate the defendant to protect society.

   4.  **Conclusion**

For these reasons, the government respectfully recommends that a lengthy period of incarceration at the very top of the advisory sentencing guidelines is appropriate in this case.

   Dated this 27th day of December 2023.

Respectfully submitted,

TIMOTHY M. O'SHEA
United States Attorney

By: /s/
COREY C. STEPHAN
Assistant United States Attorney
